# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAM ASCHENBRENNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 8:10-CV-00153-LSC-FG3 |
| DOLGENCORP, INC., DOLLAR GENERAL PARTNERS, DOLGENCORP OF NEW YORK, INC., and DOLGENCORP OF TEXAS, INC., | ) ) ) ) | INITIAL PROGRESSION ORDER |
| | ) | |
| Defendants. | ) | |
| HAYLEY BACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00155-LSC-FG3 |
| vs. | ) | |
| | ) | INITIAL PROGRESSION ORDER |
| DOLGENCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| BRIAN BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00156-LSC-FG3 |
| vs. | ) | |
| | ) | INITIAL PROGRESSION ORDER |
| DOLGENCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| LONNY EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00157-LSC-FG3 |
| vs. | ) | |
| | ) | INITIAL PROGRESSION ORDER |
| DOLGENCORP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | |  |
|---|---|---|
| **DEBRA MEREDITH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00158-LSC-FG3 |
| vs. | ) | |
| | ) | **INITIAL PROGRESSION ORDER** |
| **DOLGENCORP, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| **THERESA CARLIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00159-LSC-FG3 |
| vs. | ) | |
| | ) | **INITIAL PROGRESSION ORDER** |
| **DOLGENCORP, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| **NANCY NEWTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00160-LSC-FG3 |
| vs. | ) | |
| | ) | **INITIAL PROGRESSION ORDER** |
| **DOLGENCORP, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| **DONALD ROBINSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00161-LSC-FG3 |
| vs. | ) | |
| | ) | **INITIAL PROGRESSION ORDER** |
| **DOLGENCORP, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **LACHELLE ROBINSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00162-LSC-FG3 |
| vs. | ) | |
| | ) | **INITIAL PROGRESSION ORDER** |
| **DOLGENCORP, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| **ANN RUMBAUGH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:10-CV-00163-LSC-FG3 |
| vs. | ) | |
| | ) | **INITIAL PROGRESSION ORDER** |
| **DOLGENCORP, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Upon review of the parties' proposed discovery schedule,

    **IT IS ORDERED:**

    1.   **Mandatory Disclosures** described in Fed. R. Civ. P. 26(a)(1) shall be supplemented by **February 24, 2011.**

    2.   The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1.  The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served. **Note: Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

    3.   **Withholding Documents from Disclosure or Discovery.**  If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about <u>each</u> such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents,

including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

4. Because substantial discovery has already been taken in this case, discovery is subject to certain limitations.

By agreement of the parties, each Plaintiff may:

- Take depositions, pursuant to all applicable Federal Rules of Civil Procedure, of any witnesses identified by the Parties (including expert witnesses).
- Take one set of 30(b)(6) depositions for all Transferred Cases pending in the District of Nebraska.
- Serve one "corporate" set of written discovery upon Defendant to be answered and used in all transferred cases. This corporate written discovery by the District of Nebraska Transferred Plaintiffs may consist of one set of: no more than 10 uniform interrogatories, 10 uniform requests for production, and 10 uniform requests for admissions.
- Plaintiffs may conduct Plaintiff-specific discovery from Defendant by serving up to an additional five (5) interrogatories, five (5) requests for production, and five (5) requests for admissions.

By agreement of the parties, Defendant(s) may:

- Take depositions, pursuant to all applicable Federal Rules of Civil Procedure, of Plaintiffs and any witnesses identified by the Parties (including expert witnesses).
- Serve one set of written discovery to each Plaintiff including up to 10 interrogatories, 10 requests for production, and 10 requests for admissions.
- Conduct third-party discovery, including depositions and subpoenas of records.

5. The stipulations of the parties regarding discovery and progression matters set forth in their planning report to the court, not in conflict with the provisions of this order, are approved and adopted.

6. A telephone conference with the undersigned magistrate judge will be held on Monday, September 20, 2010 at 10:00 a.m. for the purpose of reviewing the preparation of the cases to date and the scheduling of the cases to trial. Plaintiffs' counsel shall initiate the call to the court at 402-661-7340.

**DATED May 25, 2010.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**